422 So.2d 972 (1982)
James BERGMANN, Appellant,
v.
SENTRY INSURANCE, a Mutual Company, Appellee.
No. 81-1607.
District Court of Appeal of Florida, Fourth District.
November 17, 1982.
Rehearing Denied December 22, 1982.
Michael R. Macairog of Grevior & Prince, Fort Lauderdale, for appellant.
Richard A. Sherman of Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy, Miami, for appellee.
ANSTEAD, Judge.
This is an appeal from an order determining the amount of insurance benefits the appellee insurance company was allowed to set-off from the arbitration award on appellant's uninsured motorist claim pursuant to Section 627.727(1), Florida Statutes (1977).
After being paid wage losses and medical expenses under his workmen's compensation and personal injury protection coverages, the appellant sought to recover the same expenses during arbitration proceedings on his uninsured motorist coverage with the appellee. There was no issue of liability. The parties stipulated during the arbitration proceedings that the arbitrators were to allow the appellant his complete damages, including wage losses and medical expenses, without deducting any amounts that may have already been paid under other coverages. There was $50,000.00 available under the uninsured motorist coverage and the arbitrators awarded appellant $25,000.00. The trial court entered an order allowing the appellee to set-off from the arbitration award all of the amounts previously paid to the appellee under the workmen's compensation and personal injury protection coverages. These amounts totalled some $28,388.09, thereby having the effect of denying the appellant any amount of uninsured motorist benefits.
The appellant claims on appeal that the trial court erred because the appellee's proof failed to establish that the arbitrators actually awarded appellant the amounts he requested for medical expenses and wage losses. He asserts that, absent an itemized award, it cannot be determined whether the arbitrators allowed his claims for these items.
Section 627.727(1) provides:

*973 The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expenses coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.
This statute has been construed to mean that the insured is not entitled to recover payment for the same item of damage arising out of an accident under more than one of his available coverages. For example, he is not entitled to be reimbursed for payment of a single medical bill from both his medical payments coverage and his uninsured motorist coverage. To do so would result in the duplication of benefits prohibited by the statute. Hartford Acc. & Indem. Co. v. Lackore, 408 So.2d 1040 (Fla. 1982). In Lackore, the Supreme Court approved a decision of this court which held that an insurance company is not entitled to a set-off if the insured makes no claim under the uninsured motorist coverage for the same expenses he has already been paid under other coverages.
The appellant cites Lobry v. State Farm Mut. Auto Ins. Co., 398 So.2d 877 (Fla. 5th DCA 1981) as authority for the proposition that absent an itemized arbitration award the court cannot determine whether an insured has received duplicate benefits. In Lobry there was an itemized award which reflected that the insured was not awarded certain medical expenses. Notwithstanding that specific demonstration that the insured had received no duplicate medical benefits, the trial court reduced the award by the amount of medical benefits paid under the other coverages. The Fifth District appropriately reversed this determination since it was obvious that the insured had made no double recovery.
In this case the appellee took the position at the arbitration hearing that the appellant was not entitled to recover all of his alleged lost wages and medical expenses because those damages were not all caused by the accident in question. The appellee contended that most of appellant's damages were related to appellant's excessive consumption of alcoholic beverages rather than the accident. On the other hand, the appellant claimed that all of his expenses were related to the accident and his attorney maintained the total damages easily exceeded $100,000.00. Appellee suggested that an arbitration award of $20,000.00 would be generous. The arbitrators awarded a lump sum of $25,000.00.
We do not believe that these circumstances demonstrate that appellant's receipt of the $25,000.00 arbitration award constituted a duplication of benefits already received. It is simply impossible to determine on this record whether the arbitrators awarded the entire $25,000.00 for pain and suffering and allowed nothing for lost wages and medical expenses or otherwise apportioned their award.[1] In order to be entitled to a set-off the burden was upon the appellee to demonstrate that the award constituted a duplication of benefits received. The proof submitted reflected that appellant made a claim for these benefits but such proof did not demonstrate that such benefits were included in the arbitration award. To the contrary, if appellee's *974 arguments at the arbitration hearing were accepted by the arbitrators, as it appears they were, at least in part, it would appear that many of such benefits were not included in the award.
Accordingly, we reverse the judgment of the trial court and remand with directions for further proceedings consistent herewith.
DOWNEY and BERANEK, JJ., concur.
NOTES
[1] In addition to having the arbitrators itemize their award to facilitate resolution of the set-off issue, it would appear that the insurer could secure a stipulation from the claimant that the arbitrators should not award damages for expenses already paid under other coverages. Absent a stipulation the insurer may have no alternative other than to bring a declaratory action and ask the court to supervise the arbitration and determine coverage in accord with Section 627.727(1). At the very least the insurer should establish at the arbitration hearing the benefits already paid under other coverages and be certain that the arbitrators are aware of the provision of Section 627.727(1). In the present case the arbitrators were specifically instructed to ignore the provisions of Section 627.727(1) so that it is possible, indeed probable, that some duplication of benefits may have been awarded. But it is impossible on the existing record to determine the extent of any duplication.