533 So.2d 952 (1988)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Norma I. MORALES, Appellee.
No. 88-567.
District Court of Appeal of Florida, Fifth District.
November 23, 1988.
Janet DeLaura Harrison of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebberts, P.A., Rockledge, and Robert W. Mixson of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbetts, P.A., Orlando, for appellant.
Thomas M. Ervin, Jr. and Robert M. Ervin, Jr., of the Law Firm of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and Maher, Overchuck & Langa, P.A., Orlando, for appellee.
COBB, Judge.
The issue presented on this appeal is whether under section 627.727(1), Florida Statutes (1983)[1], an underinsured motorist carrier is entitled to set-off the monies paid by the liability carrier for the tortfeasor from the verdict rendered in favor of the plaintiff under the underinsured motorist (UM) coverage. In March, 1984, the appellee, Morales, was injured in an auto accident caused by William Oates, who is not a party to this appeal. Morales was paid $10,000.00 (the policy limit) by Oates's liability insurer, State Farm Insurance Company. Morales brought suit against Allstate for underinsured motorist coverage *953 benefits under a policy issued to Morales's sister, with whom she resided. The policy provided underinsured motorist coverage of $100,000.00 per person, $300,000.00 per accident.
Allstate moved for a set-off under section 627.727(1) seeking a reduction from any judgment rendered in Morales's favor by the amount of the tortfeasor's liability limits already paid  $10,000.00. Allstate also requested that the set-off occur after the verdict and not before the jury, to which request Morales agreed.
The jury was not informed of the $10,000.00 payment made to Morales, and the judge instructed the jury to award the total amount of any damages sustained by Morales which were legally caused by the accident in question and which were not duplicated by benefits available from other sources. The jury returned a verdict in the amount of $42,500.00 in favor of Morales, but determined her to be 77% comparatively negligent leaving her a net verdict of $9,775.00. Morales moved for entry of final judgment in this amount, and Allstate moved for the $10,000.00 set-off, which would effectively preclude Morales from recovering underinsured motorist benefits from Allstate.
The trial court denied Allstate's motion for a set-off on the ground that Allstate failed to show a duplication of benefits as thought to be required under the rationale of Hartford Accident Indemnity Company v. Lackore, 408 So.2d 1040 (Fla. 1982), Bergmann v. Sentry Insurance, 422 So.2d 972 (Fla. 4th DCA 1982), and Lobry v. State Farm Mutual Automobile Insurance Company, 398 So.2d 877 (Fla. 5th DCA 1981). Lackore and Bergmann stand for the proposition that under section 627.727(1) (1983) an underinsured motorist carrier is not entitled to a set-off of the amounts paid to the plaintiff under non-liability insurance coverage absent a showing that recovery under the underinsured motorist coverage would be duplicative of the items of damage already compensated by non-liability benefits. Lackore and Bergmann are inapplicable here where Allstate seeks a set-off equal to the amount paid to Morales under the tortfeasor's liability coverage.
The purpose behind underinsured motorist coverage is to compensate the plaintiff, Morales, for a deficiency in the tortfeasor's personal liability insurance coverage. Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978). Section 627.727(1) was only intended to allow the insured the same recovery which would have been available to her had the tortfeasor been insured to the same extent as the insured herself. Id.; Lobry v. State Farm Mutual Auto Insurance Company, 398 So.2d 877 (Fla. 5th DCA 1981).
Morales argues that Allstate has overlooked the fact that there are fourteen discrete elements of "non-ecomonic damage" alone for which an injured person may recover as revealed by Florida Standard Jury Instructions (Civ.) 6.1(a), 6.2(a)(b). Morales contends that the jury was instructed to award damages, if any, for only six elements of damage: bodily injury, resulting past pain, resulting future pain, resulting past suffering, resulting future emotional suffering, and resulting aggravation or activation of an existing disease or physical defect. Morales argues that because of the lack of an itemized verdict, there is no way of knowing whether the verdict rendered under the UM coverage duplicates the $10,000.00 already paid by the tortfeasor's liability carrier. Morales concludes that because Allstate failed to prove that the recovery sought here was duplicative of the benefits already paid under UM coverage, there is no way of knowing what items of damage the $10,000.00 payment was intended to cover; therefore, the set-off would be improper.
Because UM coverage under section 627.727(1) (1983) was intended to be the mirror image of the tortfeasor's liability insurance coverage, it follows that the two types of coverage necessarily encompass the same items of damages. As such, Allstate is entitled to a set-off from the verdict in the amount of $10,000.00 as a matter of law. Lobry at 880.
The appropriateness of this holding is buttressed by the practical and legal ramifications presented by Morales's argument that Allstate should have protected itself by obtaining an itemized settlement form *954 or an itemized verdict. Morales fails to recognize that the amounts paid by the liability carrier for the tortfeasor are paid pursuant to a contractual agreement between the tortfeasor and his carrier about which Allstate has no standing to complain. Allstate is in no position to tell the tortfeasor's liability carrier, State Farm Insurance Company, that it must obtain an itemized settlement agreement from the plaintiff; nor is the plaintiff likely to insist upon itemization prior to the disbursement of funds from the liability carrier. Alternatively, requiring Allstate to itemize the verdict to see that all items of damage are presented to the jury is equally ludicrous. In many cases there may not be enough evidence with respect to a particular item of damage to support an instruction to the jury that it may award a plaintiff recovery for this type of damage. In this case, the underinsured motorist carrier would be in the position of arguing plaintiff's case.
Allstate is entitled to a set-off in the amount of $10,000.00 from the verdict rendered in favor of Morales for $9,775.00 so as to preclude her recovery in this action. Accordingly, the order denying Allstate's motion for a set-off and the final judgment are reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
DANIEL, J. and NORRIS, W.A., JR., Associate Judge, concur.
NOTES
[1] The relevant statutory language is that which was in effect prior to the amendments taking effect on October 1, 1984. The statute provides in relevant part:

Motor Vehicle Insurance; Uninsured and Underinsured Vehicle Coverage; Insolvent Insurer Protection. 
(1) No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein... . The coverage described under this section shall be over and above, but shall not duplicate, the benefits available to an insured under any workers' compensation law, personal injury protection benefits, disability benefits law, or similar law; under automobile medical expense coverages; or from the owner or operator of the uninsured vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident. Only the underinsured motorist's liability insurance shall be set off against underinsured motorist coverage... .