538 So.2d 1375 (1989)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Gregory BREWTON and Karen Brewton, His Wife, Appellees/Cross Appellants.
No. 87-2748.
District Court of Appeal of Florida, Fourth District.
March 1, 1989.
Valerie Shea and Stephanie Arma Kraft of Conrad, Scherer & James, Fort Lauderdale, for appellant/cross appellee.
Tom Bush, Fort Lauderdale, for appellees/cross appellants.
HERSEY, Chief Judge.
Appellant, Government Employees Insurance Company (GEICO), appeals an order *1376 of the trial court taxing costs against it. Appellees, Gregory and Karen Brewton (Brewton), cross appeal the trial court's order granting GEICO's Motion for Setoff.
Injured in an automobile accident, Gregory Brewton accepted $10,000.00, the policy limits, from the tortfeasor's insurance company. He then filed suit for uninsured/underinsured motorist coverage against his own carrier, GEICO. The latter filed an answer denying all allegations and asserting affirmative defenses including setoff. A jury returned a verdict awarding Brewton $7,500.00 in damages. The trial court entered judgment for that amount, permitted GEICO to set off the prior recovery of $10,000.00 and awarded Brewton costs as the prevailing party.
GEICO argues that Brewton cannot be the prevailing party because application of the setoff effectively eliminates any recovery, or, in the alternative, that the balance of the prior recovery of $10,000.00 after reduction for damages of $7,500.00 should also be available as a setoff against the cost judgment.
The key issue in this case turns on interpretation of section 627.727(1), Florida Statutes (1985), which provides in part:
The coverage described under this section shall be over and above, but shall not duplicate, the benefits available to an insured under any workers' compensation law, personal injury protection benefits, disability benefits law, or similar law; under any automobile medical expense coverage; under any motor vehicle liability insurance coverage; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident; and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section. The amount of coverage available under this section shall not be reduced by a setoff against any coverage, including liability insurance.
We have previously construed this statute in Shelby Mutual Insurance Company v. Smith, 527 So.2d 830 (Fla. 4th DCA 1988), where we held that all UM coverage is to be excess coverage and that it pays over and above the tortfeasor's liability coverage should said coverage be inadequate to fully compensate the injured insured. We follow that construction here.
We therefore reject appellee Brewton's interpretation that the statute effectively bars any setoff where there is an initial recovery from the tortfeasor followed by a claim for UM coverage. Our understanding of the theory upon which the statutory scheme is based is perhaps best illustrated by use of a hypothetical.
Suppose the tortfeasor has liability insurance coverage of $10,000.00 and the accident victim has $10,000.00 in UM coverage. By varying the amount of actual damages (or verdict or judgment) the mechanics of the application of the statute can be demonstrated. If damages are $5,000.00 (or anything less than $10,000.00), recovery from the tortfeasor's liability insurance carrier fully compensates the victim. UM coverage is not at all implicated because, under these assumed facts, the tortfeasor is not an uninsured or underinsured motorist. If damages are $15,000.00, then, because UM coverage is "over and above" all other sources available for payment of the damages, by definition here the $10,000.00 in liability coverage, the tortfeasor was underinsured by $5,000.00 and that amount is recoverable by the victim against his own UM carrier.
The difficulty with interpretation and therefore application of the statute is created by its last sentence which refers to setoff. We take that provision to mean simply that the UM coverage of $10,000.00 (in our example) is not to be reduced by the $10,000.00 available liability insurance; thus there is available to the victim $10,000.00 in liability plus $10,000.00 in UM coverage. Any damage award up to $20,000.00 would therefore be fully compensable by the two coverages. On the other *1377 hand, the victim is not entitled to be compensated twice for his damage award, regardless of coverage, and appellees, Brewton, may only recover (which they have already done by their settlement of $10,000.00) the amount of the damage award.
Further, appellees were entitled to bring this action for their damages which resulted in a damages award of $7,500.00. Since this is below the threshold established by their actual recovery of $10,000.00, their UM insurance was not implicated  that coverage was never triggered by the necessary operative circumstance: a loss exceeding amounts available from other sources to fully compensate them for their damages. The question is whether they could or should be considered as the prevailing party in a suit against their own carrier where UM coverage is not activated by an amount of damages exceeding the threshhold. An affirmative finding on this question is necessary to support the award in their favor for costs and attorney's fees.
On the facts of this case the intuitive thrust parallels logic in support of a holding that only an award which activates the UM coverage would qualify appellees as prevailing parties. Any lesser award totally favors the UM carrier who thus fits the traditional concept of "prevailing party." Thus an award of $10,001.00 or greater would be required before appellees could be viewed as "prevailing" over their UM carrier.
We therefore reverse as to the appeal and affirm as to the cross appeal.
AFFIRMED IN PART AND REVERSED IN PART.
DOWNEY and ANSTEAD, JJ., concur.