PER CURIAM.
The appellant, State Farm Mutual Automobile Insurance Company, challenges the final judgments entered against it and in favor of the appellees, Marlene Ferro and John Ferro. We reverse.
The appellees filed a negligence action against two tort-feasors for injuries resulting from an automobile accident occurring *606 in 1986. The appellant was named as a party defendant because it provided uninsured/underinsured coverage to the appel-lees. A verdict was returned against the two tort-feasors in an amount less than the primary insurance coverage provided to the tort-feasors. The trial court entered final judgments in favor of each of the appellees against the tort-feasors and the appellant, jointly and severally. The court reserved jurisdiction to award costs. This timely appeal followed.
We agree with the appellant’s contention that once it was established that the appel-lees’ damages were less than the policy limits of the tort-feasors’ primary insurance coverage, and this is uncontested, it was also established that the appellant had no liability to the appellees. The trial court at that point should have entered a judgment for the appellant, and it erred by failing to do so. See Government Employees Ins. Co. v. Brewton, 538 So.2d 1375 (Fla. 4th DCA 1989). We, accordingly, reverse and remand for the entry of judgments in favor of the appellant.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and PARKER and PATTERSON, JJ., concur.