PER CURIAM.
This is the appeal of a summary final judgment denying appellant’s claim for uninsured motorist coverage. We affirm.
Appellant was injured in an automobile accident allegedly caused by the negligent operation of a motor vehicle by a third party. The alleged tortfeasor was an “additional insured” under a general liability policy issued by Liberty Mutual Insurance Company. The liability policy provided coverage of one million dollars. Appellant’s uninsured motorist (“UIM”) coverage with appellee, Progressive Casualty Company, was also one million dollars. Appellant settled his claim against Liberty Mutual for $30,000 but, because he asserted his claim was worth $65,000 “for settlement purposes,” he sought to collect the balance from Progressive. Appellant’s contention is that, pursuant to the UIM insurance provisions of the Florida Statutes or the Progressive policy, appellant is entitled to recover UIM benefits because the vehicle being driven by the tortfeasor was not insured under any policy of insurance.[1]
We reject appellant’s contention that he is entitled to collect UIM coverage. Liability coverage in the amount of $1,000,- *1286 000 was available to appellant to compensate him for the injuries sustained in this accident. Although appellant is correct that portions of the UIM statute refer to an “uninsured motor vehicle ”,[2] other portions of the statute refer to “uninsured motorist” coverage. These phrases are also used interchangeably in the cases. This dichotomy does not appear in the Progressive policy which speaks only to an “uninsured motor vehicle.”[3] Whether under the statute or under the policy, however, we cannot credit the appellant’s contention. Manifestly, a policy of liability insurance in the amount of $1,000,000 applied to the motor vehicle involved in this accident, if only because the Liberty Mutual policy provided insurance coverage for injuries suffered by appellant while their insured was operating it. This interpretation is consistent with the approach taken by courts in other jurisdictions, State Farm Mutual Automobile Ins. Co. v. Johnson, 458 S.W.2d 473 (Tex.Civ.App.1970); U.S. Fidelity & Guaranty Co. v. Byrum, 146 S.E.2d 246 (Va.1966) and with prior decisions in Florida, see Craft v. Government Employees Insurance Co., 432 So.2d 1343 (Fla. 2d DCA), rev. denied, 440 So.2d 351 (Fla.1983). Appellant’s cited authorities are irrelevant to this issue.
Apart from our holding on appellant’s main point, we also agree with the lower court’s conclusion that UIM coverage would be unavailable in this case, in any event. Pursuant to section 627.727, Florida Statutes (1987), UIM coverage is over and above and does not duplicate the benefits available to the insured, inter alia, “under any motor vehicle liability insurance coverage or from the owner or operator of the uninsured motor vehicle or any other person ... jointly or severally liable together with such owner or operator for the accident; and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained....” The record reflects that appellant’s damage claim is a fraction of these available benefits.
AFFIRMED.
W. SHARP, HARRIS and GRIFFIN, JJ., concur.

. A copy of the Liberty Mutual Policy is not a part of the record. The parties stipulated that, apart from this insurance, the motor vehicle operated by the tortfeasor was not covered by any other liability bond or insurance policy at the time of the accident.

. § 627.727(1), -,727(3)(b), Fla.Stat. (1987).

. Which it defines as one "for which no liability bond or policy applies ...”