695 So.2d 456 (1997)
Christopher M. GALANTE, Appellant,
v.
USAA CASUALTY INSURANCE COMPANY, a Florida corporation, Appellee.
No. 96-0183.
District Court of Appeal of Florida, Fourth District.
June 4, 1997.
Paul A. Gamba of Paul A. Gamba, P.A., Palm City, for appellant.
Garrison M. Dundas of Brennan, Hayskar, Jefferson, Walker & Schwerer, P.A., Fort Pierce, for appellee.
FARMER, Judge.
In this uninsured motorist (UM) case, the insured settled with the tortfeasor's liability insurance carrier for policy limits of $25,000. Because the insured had received economic loss benefits from his workers compensation carrier, he used $10,000 of the settlement proceeds from the tortfeasor to settle with his workers compensation carrier who claimed a lien on any recovery he might get. He then sued his own UM carrierbut only *457 for non-economic damages,[1] and a jury awarded $80,000. The UM carrier then moved to set off the entire $25,000 settlement against the UM award, and the trial court granted the motion in full. The insured now appeals, arguing that the setoff was improper under the unique facts and circumstances of this case. We agree.
Under Allstate Ins. Co. v. Morales, 533 So.2d 952 (Fla. 5th DCA 1988), and Government Employees Ins. Co. v. Brewton, 538 So.2d 1375 (Fla. 4th DCA 1989), a setoff against the UM award is proper where the UM award duplicates benefits already recovered from the tortfeasor's liability insurance. This case differs from Morales because here the jury in the UM action was asked to consider only non-economic damages, while in Morales the jury was asked:
"to award the total amount of any damages sustained by Morales which were legally caused by the accident in question and which were not duplicated by benefits available from other sources."
533 So.2d at 952. Similarly, in Brewton there is nothing to suggest that the UM claim was particularized and limited as in this case, and indeed Judge Hersey's analysis impliedly assumes a UM case in which all damages are in issue.
In this case, all of the benefits recovered from the workers compensation carrier went toward the insured's economic losses. Admittedly, the settlement with the liability insurance carrier was undifferentiated, and must be deemed therefore to extend to both economic and non-economic losses. But the UM award was incontestably limited to non-economic losses only. The jury was not asked to decide, as in Morales and Brewton, the full extent of the insured's economic losses along with his non-economic losses. Accordingly, we have no way of knowing whether the UM award duplicates benefits already recovered.
A UM carrier seeking such a setoff is required to establish the fact of duplicative benefits. See, § 627.727(1), Fla. Stat. (1991); and Aetna Cas. & Sur. Co. v. Langel, 587 So.2d 1370 (Fla. 4th DCA 1991), Bergmann v. Sentry Ins., 422 So.2d 972 (Fla. 4th DCA 1982).[2] Because the UM carrier in this case failed to establish that there was a duplication of benefits in the UM award, it was error to grant the setoff.
REVERSED.
STONE and WARNER, JJ., concur.
NOTES
[1] The jury was not asked to consider economic damages for medical expenses or lost wages.
[2] Section 627.727(1), Florida Statutes (1991), provides in part that:

"The coverage described under this section shall be over and above, but shall not duplicate, the benefits available to an insured under any workers' compensation law, personal injury protection benefits, disability benefits law, or similar law; under any automobile medical expense coverage; under any motor vehicle liability insurance coverage; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident; and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section. The amount of coverage available under this section shall not be reduced by a setoff against any coverage, including liability insurance."