734 So.2d 1088 (1999)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellant,
v.
Laurel MOHER, Appellee.
No. 97-05410.
District Court of Appeal of Florida, Second District.
March 19, 1999.
Rehearing Denied July 6, 1999.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Scot D. Goldberg and Richard L. Purtz of Goldstein, Buckley, Cechman, Rice & Purtz, P.A., Fort Myers, for Appellee.
BLUE, Acting Chief Judge.
State Farm Mutual Automobile Insurance Company appeals an adverse judgment in favor of Laurel Moher and argues that the verdict is contrary to the uninsured/underinsured motorist ("UM") statutes. We agree and reverse.
While riding as a passenger, Moher was involved in an automobile accident. In a subsequent lawsuit, Moher asserted negligence claims against the driver of the car in which she was riding and against the driver of the second car involved in the accident. Moher also asserted a claim against her insurer, State Farm, for UM benefits. Prior to trial, both drivers were voluntarily dismissed from the lawsuit. The driver of the second car was dismissed after his insurance carrier settled Moher's claim for $50,000. The trial proceeded on the sole remaining count for UM coverage. The jury returned a verdict of approximately $33,000 in damages and a finding of no permanent injury.
In light of the jury verdict establishing damages at less than the amount Moher received from the second driver, State Farm contends that UM coverage was not triggered and that the trial court should have entered judgment in its favor. In this argument, State Farm is correct. See § 627.727, Fla. Stat. (1991). UM coverage is excess coverage and "pays over and above the tortfeasor's liability coverage should said coverage be inadequate to fully compensate the injured insured." Government Employees Ins. Co. v. Brewton, 538 So.2d 1375, 1376 (Fla. 4th DCA 1989). See also State Farm Mut. Auto. Ins. Co. v. Ferro, 581 So.2d 605 (Fla. 2d DCA 1991) (citing Brewton). Because Moher's settlement with the second driver exceeded the amount of damages found by the jury, UM coverage is not applicable in this case. Accordingly, we reverse and *1089 remand for entry of judgment in State Farm's favor.
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.