744 So.2d 570 (1999)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Diane VECCHIO and Joseph Vecchio, Appellees.
No. 98-02461.
District Court of Appeal of Florida, Second District.
November 10, 1999.
Bonita K. Brown, Esquire of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Marc Jay Tannen of Abrams Anton, P.A., Hollywood, for Appellees.
STRINGER, Judge.
State Farm appeals a final judgment entered in favor of Diane and Joseph Vecchio in a personal injury action filed to recover uninsured/underinsured motorist (UM) benefits. State Farm argues that the trial court erred in entering a judgment for the plaintiffs when they failed to prove that their damages exceeded the tortfeasor's policy limits. We agree and reverse.
Diane Vecchio (Vecchio) was injured in an automobile accident allegedly caused by Eugene Saul. She settled with Saul's insurer, Allstate, for the policy limits of $50,000.00 prior to proceeding to trial on the UM claim. This settlement did not differentiate between economic and noneconomic losses. In addition to the settlement *571 proceeds, Vecchio received approximately $17,600.00 in personal injury protection/medical-pay benefits, and a lump sum payment of $32,000.00 in workers' compensation benefits. Vecchio paid her workers' compensation carrier approximately $8,600.00 to satisfy its lien. Her medical expenses totaled $18,450.20. Presumably, based on these payments, on the first day of trial, Vecchio's attorney announced that she would not be seeking economic damages. The jury ultimately awarded Vecchio $46,000.00 in non-economic damages, assigning 70% negligence to Saul and 30% to Vecchio. Her husband was awarded $2.00 on his loss of consortium claim. The trial court subsequently entered a judgment for the Vecchios in the amount of $32,201.40, together with taxable costs of $3,480.80. While the issue of the amount of Vecchio's economic damages does not appear to be in contention, there is no stipulation or finding in the record as to the amount of her economic damages.
Following the verdict, State Farm filed a motion to determine set-off. The motion was accompanied by a copy of Vecchio's admission confirming that she had received $50,000.00 from Allstate on behalf of Eugene Saul. The trial court denied State Farm's motion, citing as authority, Galante v. USAA Casualty Insurance Co., 695 So.2d 456 (Fla. 4th DCA 1997).
A set-off against a UM award is only proper where the award duplicates benefits already recovered from the tortfeasor's liability insurer. See State Farm Mut. Auto. Ins. Co. v. Moher, 734 So.2d 1088 (Fla. 2d DCA 1999); Galante v. USAA Cas. Ins. Co., 695 So.2d 456 (Fla. 4th DCA 1997); Government Employees Ins. Co. v. Brewton, 538 So.2d 1375 (Fla. 4th DCA 1989). While it is true that the UM carrier seeking such a set-off has the burden of establishing a duplication of benefits, see section 627.727(1), Florida Statutes (1991); Galante, 695 So.2d at 457, the plaintiff has the initial burden of proving circumstances that would trigger UM coverage, i.e., a loss exceeding sums available from other sources.
In Galante, the plaintiff settled with the tortfeasor's insurer for policy limits of $25,000.00. The plaintiff used $10,000.00 of these proceeds to satisfy a workers' compensation lien. As Vecchio has here, the plaintiff then sued his UM carrier for noneconomic damages only. Galante ultimately received a verdict of $80,000.00 and argued that the trial court erred in permitting the UM carrier to set-off the entire $25,000.00 settlement against the $80,000.00 UM award. The Fourth District agreed and reversed.
However, appellee's reliance on Galante is misplaced. In Galante, the jury's verdict of $80,000.00 in noneconomic damages by itself was proof that the plaintiff's total damages exceeded the tortfeasor's coverage of $25,000.00 thereby triggering UM coverage. In this case the jury's award for noneconomic damages ($32,201.40) is less than the settlement amount ($50,000.00). As noted earlier, the burden is on the plaintiff to establish the necessary operative circumstances to trigger UM coverage, i.e., that she suffered a loss which exceeds amounts available from other sources and was therefore not fully compensated for her loss. However, where, as here, a plaintiff submits only one category of damages (in this case noneconomic damages) that plaintiff runs the risk that the jury verdict will be less than the amount recovered from the tortfeasor. In that case the plaintiff still has the initial burden of establishing that her total damages exceed sums available from other sources, including the tortfeasor's coverage, which Vecchio failed to do here. To hold otherwise would place the insurer in the untenable position of having to prove the plaintiff's case.
Accordingly, the order denying State Farm's motion for set-off and the final judgment are reversed. Because we reverse, we need not address additional arguments *572 advanced by State Farm in this appeal.
Reversed and remanded.
BLUE, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.