GODERICH, Judge.
The defendant, Allstate Insurance Company [Allstate], appeals from an adverse final judgment. We reverse.
While riding as a passenger in her father’s automobile, Alyson M. Williams, was injured in an accident. She filed suit against the other driver and her father’s underinsured/uninsured motorist [UM] carrier alleging negligence and seeking damages. Allstate answered the complaint denying that the other driver was underin-sured and asserting various affirmative defenses, including comparative negligence for failure to wear her seat belt and setoff for benefits received from collateral sources. Allstate also named the plaintiffs father as a third party who caused the accident.
Prior to trial, the plaintiff settled with the other driver’s insurer for its bodily injury liability limits of $10,000. The trial proceeded, and the jury found the other driver 20% negligent, the plaintiffs father *1018 20% negligent, and the plaintiff 60% negligent. The jury found that the plaintiff did not suffer a permanent injury and awarded her $9,375.00 in past medical expenses and $27,360 in future medical expenses.
Allstate moved for a setoff of the $10,000 settlement that was received from the other driver’s insurer. Allstate argued that after apportionment of the verdict, the set-off would result in a zero damage award. Allstate moved for entry of judgment in its favor, and for costs and attorney’s fees based on an offer of judgment.
When ruling on the post-trial motions, the trial court apportioned the damages and found that Allstate was only responsible for 20% of the jury’s verdict, $1,875 in past medical expenses and $5,472 in future medical expenses, for a total of $7,347. The trial court further found that Allstate was not entitled to receive any setoff for the $10,000 settlement received from the other driver’s insurer. Allstate’s appeal follows.
Allstate contends that the trial court erred, as a matter of law, by entering judgment in favor of the plaintiff because the jury’s verdict awarded the plaintiff $7,347 in damages for thé negligence of the other driver and the plaintiff had already received a $10,000 settlement from the other driver’s insurer. Consequently, Allstate argues that the other driver was not underinsured and that Allstate’s coverage was not reached. We agree and reverse.
“UM coverage is excess coverage ‘and pays over and above the tortfeasor’s liability coverage should said coverage be inadequate to fully compensate the injured insured.’ ” State Farm Mut. Auto. Ins. Co. v. Moher, 734 So.2d 1088 (Fla. 2d DCA 1999)(quoting Government Employees Ins. Co. v. Brewton, 538 So.2d 1375, 1376 (Fla. 4th DCA 1989)); see also State Farm Mut. Auto. Ins. Co. v. Ferro, 581 So.2d 605 (Fla. 2d DCA 1991). Because the settlement received by the plaintiff from the other driver’s liability insurer exceeded the amount of damages awarded by the jury, the other driver was not underinsured, and UM coverage was not triggered. Moher, 734 So.2d at 1088.
Reversed.