942 So.2d 1 (2006)
Sanford DOLGIN, M.D., Appellant,
v.
Angela DOMBKOWSKI and Christopher Dombkowski, Appellees.
Nos. 5D04-3584, 5D05-448.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
Rehearing Denied November 13, 2006.
Mark Hicks and Dinah S. Stein, Hicks Kneale, P.A., Miami, for Appellant.
Bonita K. Brown, D. Finn Pressly, Joseph K. Lopez and Martin W. Palmerof Fowler, White, Boggs, Banker, P.A., Tampa, for Appellees.
PER CURIAM.
Sanford Dolgin, M.D. raises four issues in this challenge of a $593,000 medical malpractice verdict in favor of Angela and Christopher Dombkowski. First, he contends that the trial court erred when it allowed without notice the introduction of expert testimony by treating physician Dr. Castellano; second, the trial court erred when it failed to award a setoff of $113,166.80, representing contractual discounts; third, the trial court erred when it reduced the disability setoff by Social Security tax contributions; and fourth, the trial court erred in the award of prejudgment interest from the date of the verdict. We reverse in part and affirm in part.
We affirm as unpreserved the issue concerning the introduction of Dr. Castellano's undisclosed expert. See Moyer v. Reynolds, 780 So.2d 205, 207-08 (Fla. 5th DCA 2001). We also affirm the trial court's ruling that denied a setoff for contractual discounts. The court conducted a hearing on Dolgin's post-trial motion for setoff and correctly concluded that Dolgin had failed to demonstrate that no subrogation lien could give rise to a claim against the Dombkowskis for past medical expenses. Because the burden of proof rested upon Dolgin to prove no subrogation lien, see Galante v. USAA Casualty Insurance Co., 695 So.2d 456, 457 (Fla. 4th DCA 1997), the supreme court's decision in Goble v. Frohman, 901 So.2d 830 (Fla.2005), is distinguishable.
We reverse, however, the trial court's reduction of the disability payments collateral sources setoff by $22,716, the amount Mrs. Dombkowski paid into Social Security over her lifetime. There is no authority for such a credit. The Dombkowskis cite no authority directly supporting this novel proposition, and the trial court erred in accepting their argument. The supreme court declared in Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325, 1329 (Fla.1981), that the collateral sources statute refers to the costs incurred by claimants to secure actual policies from which they received benefits for whatever period of time the policy is in effect. Mrs. Dombkowski cannot demonstrate that the amounts she paid into Social Security over her lifetime were paid to secure the disability benefits she actually received. These payments were not made to secure any particular insurance benefit, but an entire panoply of federal social programs.
Because the appellees properly concede error in the trial court's award of prejudgment interest from the date of the verdict to the date of the final judgment, we reverse on this issue. See Amerace Corp. v. Stallings, 823 So.2d 110 (Fla.2002).
Accordingly, we reverse the final judgment and remand for the trial court to amend the final judgment to reflect a setoff *2 for disability payments without regard to amounts paid into Social Security and no award of prejudgment interest from the date of the verdict. We otherwise affirm.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
GRIFFIN and MONACO, JJ., Concur.
THOMPSON, J., concurs in part, dissents in part, with opinion.
THOMPSON, J., concurring in part and dissenting in part.
I concur with the opinion except with regard to Dr. Castellano's surprise expert testimony the trial court allowed. I would reverse because Dombkowski failed to disclose that Dr. Castellano had changed his testimony.
This medical malpractice case involves maxillofacial surgical repairs Dr. Dolgin allegedly performed improperly. At issue was whether Mrs. Dombkowski had a preexisting crossbite not caused by Dr. Dolgin's surgical repair. Initially, Dr. Castellano was listed as one of Angela Dombkowski's treating physicians. During the discovery stage of the litigation, Dr. Castellano was deposed regarding his care and treatment and his opinion on causation regarding a palatal fracture. He stated his testimony was limited to her TMJ treatment. He offered no opinion on the standard of care concerning Dr. Dolgin's treatment. In pretrial compliance documents, he was listed as a treating physician who would testify regarding Mrs. Dombkowski's treatment and the necessity of treatment. Further, her attorneys confirmed that he had not been retained as an expert. Shortly before trial, the plaintiffs listed Dr. Castellano as an expert witness. At trial, Dr. Castellano's testimony changed. He testified, based upon a CT scan and review of previously undisclosed dental records, that Mrs. Dombkowski did not suffer from a preexisting crossbite that affected her treatment. His testimony was a surprise that violated the requirements and spirit of Florida Rule of Civil Rule of Procedure 1.360(b), which requires, upon request, the disclosure of "all tests made, diagnosis, and conclusions" of witnesses before they testify.
Dr. Dolgin argues that the trial court abused its discretion in allowing Dr. Castellano's undisclosed standard of care opinion that Dr. Dolgin failed to repair Mrs. Dombkowski's fractured palate. Dr. Dolgin contended that Dr. Castellano's testimony should have been stricken or a mistrial granted pursuant to Binger v. King Pest Control, 401 So.2d 1310, 1312 (Fla. 1981). Mrs. Dombkowski responded that there were no timely specific objections to the testimony at trial, and, therefore, they were waived. Moyer v. Reynolds, 780 So.2d 205, 207 (Fla. 5th DCA 2001).
Because of the late disclosure, I would reverse for a new trial. See Gouveia v. Phillips, 823 So.2d 215 (Fla. 4th DCA 2002). The surprise introduction of Dr. Castellano's expert testimony, coupled with the trial court's order striking three of Dr. Dolgin's four standard of care experts for untimely disclosure despite one expert's disclosure nine months before trial, harmfully prejudiced the defense. Dr. Dolgin had no opportunity to prepare for Dr. Castellano's surprise testimony.