MORRIS, Judge.
Beverly Neff appeals a final summary judgment entered in favor of her automobile insurer, Property & Casualty Insurance Company of Hartford (Hartford). Neff filed a complaint for declaratory relief and damages against Hartford, seeking uninsured/underinsured motorist (UM) benefits under her own policy. Hartford moved for summary judgment, claiming that Neff was not entitled to UM benefits because her damages did not exceed the amount of benefits available to her under the tortfeasor’s liability policy. The trial court agreed and entered judgment in favor of Hartford. We affirm the judgment of the trial court.
I. FACTS
Neff was injured in an automobile accident caused by a tortfeasor insured under a bodily injury liability policy with Progressive Select Insurance Company (Progressive). When Progressive made a de minimis offer to Neff, she sought UM benefits under her own policy with Hartford, which provided $25,000/$50,000 in stacked UM benefits. Hartford denied Neffs UM claim, taking the position that Neffs claim fell within the tortfeasor’s liability policy limits of $50,000 and that Hartford therefore had no UM obligation to Neff.
After Hartford denied Neffs claim, she filed her complaint against Hartford for declaratory relief and damages, claiming that Florida law permits her to pursue a direct action against her UM carrier and claiming damages for injuries caused by the tortfeasor. Hartford moved for partial summary judgment on the declaratory judgment count, asserting that Neff was attempting to turn UM coverage into primary, first-party coverage by seeking UM benefits when she has not shown that the tortfeasor’s limits were insufficient to cover her damages. Neff argued in response that she is not obligated to first sue or settle with the tortfeasor as a precondition to filing an action against her own UM carrier. In granting Hartford’s motion, the trial court stated the following:
1. The plain language of Florida’s Uninsured Motorists Statute § 627.27 makes it clear that the purpose of the uninsured motorist’s coverage is to cover the difference, if any, between the sum of the available benefits from the alleged tortfeasor and the damages sustained.
2. The requirement that the plaintiff show that the damages incurred above and beyond the limits of the tortfeasor’s coverage is not analogous to requiring the plaintiff to bring suit against the tortfeasor, which is against public policy. If there was no requirement to show that the tortfeasor’s coverage is insufficient, it would essentially convert what *532 is meant to be third[-]party coverage into primary coverage. Allstate [Ins. Co.] v. Morales, 533 So.2d 952 (Fla. 5th DCA 1988).
Neff then voluntarily dismissed her count for damages, and the trial court entered a final summary judgment in favor of Hartford.
II. ANALYSIS
On appeal, Neff argues that the trial court’s ruling is erroneous because it “subverts Neffs statutory right to bring a direct action against her UM carrier and forego an action against the tortfeasor.” We disagree.
We first recognize that an injured insured may bring a direct action against her own UM carrier without having first resolved a claim against the tortfeasor. See, e.g., Woodall v. Travelers Indent. Co., 699 So.2d 1361, 1363 (Fla.1997); Robinson v. Auto Owners Ins. Co., 718 So.2d 1283, 1285 (Fla. 2d DCA 1998). However, in bringing a direct action against her UM carrier, the insured must demonstrate that she is entitled to UM benefits on the basis that the tortfeasor is an uninsured or un-derinsured motorist. See Allstate Ins. Co. v. Boynton, 486 So.2d 552, 557 (Fla.1986) (noting that in making a “claim against his UM carrier instead of suing the tortfea-sor,” the insured “has a policy prerequisite, namely, proof that the tortfeasor is uninsured”); Vigilant Ins. Co. v. Kelps, 372 So.2d 207, 208 (Fla. 3d DCA 1979) (“[N]o UM coverage exists if the offending motorist is not actually un- or underin-sured.” (citing Hayston v. Allstate Ins. Co., 290 So.2d 67 (Fla. 3d DCA 1974))).
Section 627.727(1), Florida Statutes (2009), describes UM coverage and provides in relevant part:
The coverage described under this section shall be over and above, but shall not duplicate, the benefits available to an insured ... under any motor vehicle liability insurance coverage; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident; and such coverage shall cover the difference, if any, between the sum of such benefits and the damages sustained, up to the maximum amount of such coverage provided under this section. The amount of coverage available under this section shall not be reduced by a setoff against any coverage, including liability insurance.
(Emphasis added.) Subsection (3) goes on to provide, in relevant part, that
[f]or the purpose of this coverage, the term “uninsured motor vehicle” shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
[[Image here]]
(b) Has provided limits of bodily injury liability for its insured which are less than the total damages sustained by the person legally entitled to recover damages ....
§ 627.727(3) (emphasis added). Neff acknowledges that the tortfeasor has $50,000 in liability coverage and that her damages are less than that amount. Because the tortfeasor’s liability limits would cover the amount of damages claimed by Neff, the tortfeasor does not qualify as an uninsured or underinsured motorist under the clear language of the statute, and the trial court properly entered judgment in favor of Hartford. This conclusion is consistent with prior decisions from this court in which we have reversed judgments entered against UM insurers because the damages did not exceed the amounts available under the tortfeasors’ liability cover *533 ages. See State Farm Mut. Auto. Ins. Co. v. Vecchio, 744 So.2d 570, 570 (Fla. 2d DCA 1999) (holding “that the trial court erred in entering a judgment for the plaintiffs [under their UM policy] when they failed to prove that their damages exceeded the tortfeasor’s policy limits”); State Farm Mut. Auto. Ins. Co. v. Moher, 734 So.2d 1088, 1088 (Fla. 2d DCA 1999) (“Because [insured’s] settlement with the second [tortfeasor] exceeded the amount of damages found by the jury, UM coverage is not applicable in this case.”); State Farm Mut. Auto. Ins. Co. v. Ferro, 581 So.2d 605, 606 (Fla. 2d DCA 1991) (holding that “once it was established that the [insureds’] damages were less than the policy limits of the tortfeasors’ primary insurance coverage, and this is uncontested, it was also established that the [insurer] had no liability to the [insureds]”).
Our conclusion is not contrary to an insured’s right to bring a direct action against her UM carrier; rather, our conclusion permits a direct action but requires the insured to show that she is entitled to UM coverage based on the fact that her damages exceed the amount available to her under the tortfeasor’s liability policy. Our holding is consistent with the purpose of the UM statute, which is to compensate an insured “for a deficiency in the tortfea-sor’s personal liability insurance coverage.” Allstate Ins. Co. v. Morales, 533 So.2d 952, 953 (Fla. 5th DCA 1988) (citing Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla.1978)); see Moher, 734 So.2d at 1088 (“UM coverage is excess coverage and ‘pays over and above the tortfeasor’s liability coverage should said coverage be inadequate to fully compensate the injured insured.’ ” (quoting Gov’t Emps. Ins. Co. v. Brewton, 538 So.2d 1375, 1376 (Fla. 4th DCA 1989)); Meadows v. Progressive Cas. Ins. Co., 601 So.2d 1285, 1286 (Fla. 5th DCA 1992) (noting that UM “coverage is over and above and does not duplicate the benefits available to the insured”)).
Judgment affirmed.
ALTENBERND and LaROSE, JJ., Concur.