695 So.2d 874 (1997)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Appellant,
v.
Lawrence A. MARKO, Sol Mayer, Appellees.
No. 96-03228.
District Court of Appeal of Florida, Second District.
June 20, 1997.
*875 Nadine S. Diaz of Austin, Ley, Roe, Patsko, Swain & Diaz, St. Petersburg, for Appellant State Farm Mutual Insurance Company.
James P. Ogden, St. Petersburg, for Appellee Lawrence A. Marko.
PER CURIAM.
State Farm Mutual Automobile Insurance Company appeals the trial court's order denying its claim for attorney's fees and costs pursuant to an offer of judgment. We reverse.
Lawrence A. Marko was injured in an automobile accident. Sol Mayer was the tortfeasor, and he had liability policy limits of $50,000. Marko had an additional $25,000 in uninsured/underinsured motorist coverage with State Farm. Marko's counsel elected to join State Farm as a party defendant in litigation wherein Mayer was the other defendant. Such an election is an important and often difficult decision for those representing plaintiffs. If the underinsured carrier is not joined and the verdict exceeds the tortfeasor's coverage, a plaintiff would surely ask counsel why joinder was not made. Conversely, if the underinsured carrier is joined and the carrier makes an offer of judgment, rejection of the offer may result in attorney's fees and costs being assessed against the plaintiff.
State Farm made an offer of judgment of $1. The jury returned a verdict for $30,000. A judgment was entered in favor of Marko and against Mayer in the amount of $30,000. A separate judgment was entered in favor of State Farm and against Marko reflecting the fact that no damages were assessed against State Farm. State Farm then sought its attorney's fees and costs pursuant to the offer of judgment filed under section 768.79, Florida Statutes (1993).
We will first address the issue of State Farm's costs. Under the circumstances of this case, State Farm need not look to section 768.79 for the recovery of its costs. Rather, State Farm is entitled to recover its costs pursuant to section 57.041(1), Florida Statutes (1993). Under section 57.041 "only a prevailing party is entitled to recover costs." Fernandez v. Hendry Tractor Co., 406 So.2d 1213, 1214 (Fla. 3d DCA 1981). State Farm was the prevailing party. The holdings of Mincin v. Short, 662 So.2d 1323 (Fla. 2d DCA 1995), and Goode v. Udhwani, 648 So.2d 247 (Fla. 4th DCA 1994), do not negate the application of section 57.041 with regard to the facts of this case. In both of those cases, the defendants[1] made successful offers of judgment in that the judgments ultimately obtained were at least 25% less than the defendants' offers. In each of those cases, the plaintiff contended that section 768.79 and section 57.041 should be viewed "in pari materia." The plaintiff in Goode contended that while the defendant could recover costs from the date of the offer of judgment through trial, the plaintiff could recover all costs through trial pursuant to section 57.041. The plaintiff in Mincin advanced a similar argument. In rejecting such a contention, the Goode court stated: "Although appellee recovered a judgment in her favor, we hold that § 768.79 controls over § 57.041, Florida Statutes (1991), which allows the taxation of costs by a party recovering a judgment."
Under the facts of the present case, where a zero liability judgment was entered in favor of State Farm and against Marko, the effect of section 768.79 negating section 57.041 is not applicable. Accordingly, regardless of the viability of State Farm's offer of judgment pursuant to section 768.79, State Farm is entitled to recover its costs against Marko pursuant to section 57.041.
Next, we turn our attention to the offer of judgment as it relates to State Farm's claim for the recovery of its attorney's fees. The trial court concluded that section 768.79 did not apply. In making that decision, the trial court accepted Marko's argument that section 768.79 applied to a net award, or net judgment, in cases involving a tortfeasor and an uninsured/underinsured carrier, such as State Farm. The argument advanced by Marko was that State Farm was not a separate *876 and distinct defendant, but rather that the coverage provided by State Farm was merely an extension or supplement to the coverage of the tortfeasor, Mayer.
Under such an argument, since the verdict was in the amount of $30,000 and the State Farm offer was $1, the verdict exceeded the amount of the offer, and thus, the offer of judgment under section 768.79 was not viable. We reject that position and conclude that State Farm as the underinsured liability carrier could make an offer of judgment under section 768.79 independent of any offer, or lack of offer, by the tortfeasor, Mayer. Further, State Farm's offer applies only to any potential recovery over and above Mayer's coverage of $50,000. If Marko had accepted the State Farm offer of judgment, that amount could not have been used as a setoff against the $30,000 verdict in favor of Marko and against Mayer. See State Farm Mut. Auto. Ins. Co. v. Ferro, 581 So.2d 605 (Fla. 2d DCA 1991); Government Employees Ins. Co. v. Brewton, 538 So.2d 1375 (Fla. 4th DCA 1989).
Having determined that the offer of judgment made by State Farm to Marko was not applicable because the statute applied to net awards, the trial court did not discuss the issue of good faith as provided for in section 768.79(7). The facts of this case, however, clearly demonstrate that State Farm made its offer of judgment based on an evaluation of Marko's case. State Farm believed that Marko's recovery would not exceed the limits of the tortfeasor's liability coverage. The $1 offer of judgment is a statement by State Farm that it believes it has no liability and should not be a part of the litigation. Under these circumstances the good faith of the $1 offer of judgment is demonstrated. Marko elected to join his uninsured/underinsured carrier as a defendant. He took his chances and lost. Just as Marko attempted to protect his interests, State Farm did the same by making the $1 offer of judgment. See Peoples Gas System v. Acme Gas Corp., 689 So.2d 292 (Fla. 3d DCA 1997).
Accordingly, we reverse the order denying State Farm its attorney's fees under section 768.79 and remand for a hearing to determine the amount of those fees. We also reverse the denial of State Farm's costs and remand for a hearing to determine those costs pursuant to section 57.041(1).
CAMPBELL, A.C.J., and QUINCE, J., concur.
WHATLEY, J., concurs in part, dissents in part, with opinion.
WHATLEY, Judge, concurring in part, dissenting in part.
I concur with the majority opinion in all respects except one. I dissent only with regard to the majority's conclusion that this court may now determine that State Farm's offer was made in good faith. Section 768.79(7)(a) states: "If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees." In my view, the initial good faith determination is to be made by the trial court. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996).
Since the trial court has yet to make a good faith determination in this cause and the record on appeal does not contain a trial transcript, I respectfully believe the majority's decision is premature. Further, since the issue of a good faith determination was not an issue on appeal, the respective parties have not had an opportunity to advance their arguments in connection with that determination.
NOTES
[1] A careful reading of Goode v. Udhwani, 648 So.2d 247 (Fla. 4th DCA 1994), reflects that the defendant made the offer of judgment in that case and not the plaintiff, as indicated in West's introductory paragraph and headnotes.