FRANK, Judge.
Lillian Dozier appeals from the denial of her motion to tax costs following a jury verdict awarding her $7,023.25 after apportioning negligence. The trial court mistakenly concluded that the offer of judgment statute, section 768.79(6), Florida Statutes (1995), precluded the plaintiff from recovering costs as the prevailing party under section 57.041, Florida Statutes (1995). We reverse.
Dozier’s husband slipped and fell on a St. Petersburg sidewalk, and he allegedly died as a result of his injuries. Two years after Dozier filed her negligence and wrongful death action against the City of St. Peters-burg and Norrell, Dozier served a demand for judgment pursuant to section 768.79 in the amount of $200,000. The City served an offer of judgment pursuant to the same statute in the amount of $3,000. After a trial, the jury returned a verdict in favor of Dozier’s estate in the total amount of $70,232.27, but apportioned negligence ten percent to the City and ninety percent to Dozier and to her late husband. On Dozier’s survival action, the jury returned a zero verdict. Thus, on February 16,1996, the trial judge entered final judgment in favor of Dozier for $7,023.25, plus interest and “such costs as may be taxed.”
Dozier filed a motion for new trial or for additur, which was objected to as untimely served. She then apparently abandoned her motion and filed a notice of appeal from the final judgment on March 14, 1996. On April 4, 1996, Dozier voluntarily dismissed her appeal.
On August 15, 1996, Dozier filed her motion to tax costs as the prevailing party under section 57.041, Florida Statutes (1995).[1] The City, contending that it was the prevailing party as to the survival action under the wrongful death act, filed its own motion to tax costs. After a hearing, the court denied both motions.
The trial court denied Dozier’s motion on the ground that she was not the prevailing party because an offer for judgment had been served and thus section 768.79 controlled over section 57.041 as to taxation of costs. Furthermore, both parties’ motions were untimely because they were not filed within thirty days from entry of the judgment, as required by section 768.79(6). This court recently analyzed the fallacy in the trial court’s reasoning in the analogous case of State Farm Mutual Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997). In that case, we distinguished the holdings of Mincin v. Short, 662 So.2d 1323 (Fla. 2d DCA 1995), and Goode v. Udhwani, 648 So.2d 247 (Fla. 4th DCA 1994). Both Mincin and Goode involved successful offers of judgment tendered by the defendants because the results obtained were at least twenty-five percent less than the defendants’ offers. Thus, as to costs, section 768.79 would control over section 57.041 in those cases. In this case, however, as in Marko, the defendant did not make a “successful” offer of judgment. Dozier’s recovery was greater than the defendant’s offer. She was truly the prevailing *595 party and is entitled to taxable costs under section 57.041.
Although the City has suggested that Dozier’s motion is untimely, we reject that contention. Our supreme court noted in Roberts v. Askew, 260 So.2d 492 (Fla.1972), that a motion to tax costs must be made within a reasonable time from the dismissal of the appeal, that four months was not an unreasonable length of time, and that the defendants did not demonstrate any prejudice from the delay.
Accordingly, we reverse the order denying the motion to tax costs and remand for further proceedings.
PARKER, C.J., and QUINCE, J., concur.

. Section 57.041, Florida Statutes (1995), provides:
Costs; recovery from losing party.—
(1) The parly recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section ' does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.