726 So.2d 335 (1999)
William A. LIEFF, as Personal Representative of the Estate of Edward S. Lieff, deceased, and on behalf of Helen Lieff, the surviving spouse of Edward L. Lieff, Appellants,
v.
Maria C. SANDOVAL, Appellee.
No. 98-2080.
District Court of Appeal of Florida, Third District.
January 20, 1999.
Rehearing Denied March 17, 1999.
John B. Ostrow; Deutsch & Blumberg and James C. Blecke, Miami, for appellants.
Luks, Koleos & Santaniello, Sharon Lee Stedman, Orlando, for appellee.
Before COPE, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
The plaintiff [Lieff] appeals the trial court's denial of his post-trial motion for attorney's fees and costs, which motion was made pursuant to the offer of judgment statute, section 768.79, Florida Statutes (1993). We reverse with instructions to the trial court to grant Lieff's motion.
During this wrongful death action brought by Lieff against Maria C. Sandoval, Lieff served on Sandoval an offer to accept judgment in the amount of $250,000, which offer Sandoval did not accept. The case proceeded to trial, the ultimate result of which was a judgment in Lieff's favor and against Sandoval for $700,000.[1] This amount obviously met the requirement of section 768.79 for an award of attorney's fees and costs, i.e., a judgment in Lieff's favor in an amount at least 25% more than the amount of his offer. As a consequence Lieff was entitled to "reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the supreme court, incurred from the date the offer was served."[2] § 768.79(6)(b); Knealing v. Puleo, 675 So.2d *336 593 (Fla.1996). Sandoval, however, contended that Lieff's offer was not made in good faith, thus invoking section 768.79(7)(a),[3] which permits a trial court to disallow fees and costs where it concludes that the offer was not made in good faith.
The trial court agreed with Sandoval, setting out in its denial order its reasons for determining that Lieff's offer was not made in good faith. We find that the trial court's two stated reasons for the denial do not support his decision. The trial court found first that even though Lieff had served a perfectly valid offer, he did not intend it (if accepted) to terminate the litigation (as the statute intends) as Lieff planned to pursue a subsequent "bad faith" claim against Sandoval's insurer. However, it is clear that this action against Sandoval would have terminated had Sandoval accepted Lieff's offer, thus accomplishing the intent of section 768.79 of bringing about earlier conclusions to litigation. In fact, acceptance by Sandoval of Lieff's offer would have terminated this action at least four years earlier, made unnecessary the week-long jury trial, and avoided both the earlier appeal in which the $700,000 judgment against Sandoval was affirmed, see Sandoval v. Lieff, 705 So.2d 717 (Fla. 3d DCA 1998), and, obviously, this appeal.
The trial court's second (and final) reason given for the denial is a finding that Lieff served the offer for the sole reason of creating a right to attorney's fees if the offer was not accepted by Sandoval. The creation of the right to attorney's fees is the reason, or among the reasons, why any litigant makes an offer under section 768.79. It is the carrot held out by the statute to encourage early settlements. If we were to conclude that it is bad faith to utilize section 768.79 to obtain the right to attorney's fees, then the legislative inducement, the reason section 768.79 exists, disappears into a judicial black hole.
Accordingly, the order appealed is reversed and the cause remanded with instructions to the trial court to grant Lieff's motion for attorney's fees and costs.
NOTES
[1] Sandoval has been without resources to pay either the $250,000 or the $700,000. Her insurance policy's limitation is $10,000. What the future will bring as far as her financial status is, of course, presently unknown and up to fate.
[2] Regardless of the offer to accept judgment, as the prevailing party Lieff is entitled to recover his costs. § 57.041, Fla. Stat. (1993); Bridges v. Newton, 556 So.2d 1170, 1171 n. 1 (Fla. 3d DCA 1990), disapproved on other grounds, TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 613 (Fla. 1995).
[3] Which reads:

"If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."