729 So.2d 959 (1999)
Henry C. STOFMAN and Jeanne Stofman, Appellants,
v.
WORLD MARINE UNDERWRITERS, INC., Appellee.
No. 98-0070.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Robert L. Jennings of Law Office of Jennings & Valancy, P.A., Fort Lauderdale, for appellants.
Neil Rose and Steven J. Chackman of Law Office of Bernstein & Chackman, P.A., Hollywood, for appellee.
PER CURIAM.
The Stofmans appeal a final order awarding costs and fees to World Marine Underwriters, Inc. Originally they sued their insurance carrier, Gulf Insurance, as well as their insurance agent, World Marine Underwriters.[1] At some point World Marine served an *960 offer of judgment in the amount of $1,000 under the statute.[2] The Stofmans did not accept the offer. After a jury found no liability, the trial court entered a final judgment in favor of World Marine, awarding $30,000 in attorney's fees, and $4,248.97 in costs and expert fees. The Stofmans challenge the award in this appeal.
They argue that the trial court erred in failing to make a finding that the offer was made in good faith. In TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995), the supreme court adopted this court's decision in Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993), interpreting section 768.79.[3] In Schmidt we said:
"[T]he legislature has created a mandatory right to attorney's fees, if the statutory prerequisites have been met. The statute begins by creating an `entitlement' to fees. That entitlement may then lead to an `award' of fees. That award may then be lost by a finding that the entitlement was created `not in good faith,' or the amount of the award may be adjusted upward or downward by a consideration of statutory factors....
"[T]he words `shall be entitled' [emphasis supplied] in subsection (1) quoted above cannot possibly have any meaning other than to create a right to attorney's fees when the two preceding prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer. These are the only elements of the statutory entitlement. No other factor is relevant in determining the question of entitlement. The court is faced with a simple, arithmetic, calculation. How that entitlement gets translated into tangible attorney's fees is covered by the process of an award.'"
Schmidt, 629 So.2d at 1040.
Here, World Marine satisfied the statutory requirements by making an offer that was rejected, and then by recovering a judgment of no liability. The Stofmans insist that under subsection (7)(a), the award should be disallowed because the trial court failed to make a finding of good faith. They have misread the statute; such a finding is not required to award fees. It is only when the court decides to find that an offer was not made in good faith that such a finding is necessary. In Schmidt we said:
"Subsection (7)(a) begins with the words: `If a party is entitled to costs and fees pursuant to the provisions of this section....' The meaning of this introductory adverbial clause is clearly that a disallowance can be effected only upon someone who is already otherwise entitled to fees. By placing this disallowance provision in a separate subdivision from the award provision, we deduce that the legislature intended to place the burden on the offeree to prove the absence of good faith." [emphasis supplied]
629 So.2d at 1041 n. 6. Applying the methodology of Schmidt we conclude that World Marine had established an entitlement to fees and costs under section 768.79; the burden therefore was on the Stofmans to prove the absence of good faith. They obviously failed in their burden in the trial court. Consequently, there is no merit to their contention on appeal that the order awarding fees and costs is deficient in failing to find that the offer was made in good faith.
They next argue that it was error to include in the award of fees time spent during the appeal in the earlier litigation involving the liability carrier. We agree. A *961 trial court cannot award attorney's fees for appellate services unless the appellate court authorizes such fees upon motion made in that appeal. Foley v. Fleet, 652 So.2d 962 (Fla. 4th DCA 1995). World Marine failed to seek fees from this court during the appeal in that litigation and, therefore, is not entitled to recover such fees under the offer of judgment statute in this later appeal involving claims against the agent. On remand, the award of attorneys fees shall be reduced by 17.6 hours. We affirm on all other issues.
Accordingly, we affirm the entitlement to fees and costs under section 768.79, reverse the amount of the fees awarded, and remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part, and REMANDED.
POLEN, FARMER, and TAYLOR, JJ., concur.
NOTES
[1] The Stofmans had sued the company insuring their damaged boat. See Gulf Ins. Co. v. Stofman, 664 So.2d 1083 (Fla. 4th DCA 1995); Gulf Ins. Co. v. Stofman, 711 So.2d 555 (Fla. 4th DCA 1998).
[2] § 768.79, Fla. Stat. (1997).
[3] § 768.79, Fla. Stat. (1997) ("In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him... from the date of filing of the offer if the judgment is one of no liability.... If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."). [emphasis supplied]