761 So.2d 443 (2000)
Anthony WAGNER, Appellant,
v.
Steve BRANDEBERRY, Appellee.
No. 2D99-2579.
District Court of Appeal of Florida, Second District.
June 2, 2000.
*444 Gary A. Magnarini, Ralph Anderson, and Mark Hicks of Hicks & Anderson, P.A., Miami, and Hendrik Uiterwyk of Uiterwyk & Associates, Tampa, for Appellant.
D. James Kadyk of Smith Clark Delesie Bierley Mueller & Kadyk, P.A., Tampa, for Appellee.
PARKER, Judge.
Anthony Wagner challenges the trial court's order denying him an award of attorney's fees pursuant to his proposal for settlement served on Steve Brandeberry under section 768.79, Florida Statutes (1997). The trial court concluded that Wagner had forfeited his entitlement to fees because he did not serve his proposal for settlement in good faith.[1] We reverse because the trial court relied on considerations irrelevant to the determination of good faith in reaching its conclusion.
Wagner sued Patrick Hamilton, Steve Brandeberry, and Thrifty Rental Finance Corporation for personal injuries Wagner sustained in an auto accident that occurred in 1997. The vehicle that struck Wagner was owned by Thrifty, rented to *445 Brandeberry, and driven by Hamilton with Brandeberry's permission. Wagner's complaint alleged that Hamilton negligently operated the vehicle and that Thrifty and Brandeberry were vicariously liable for Hamilton's negligence under the dangerous instrumentality doctrine. Thrifty subsequently filed a cross-claim against Hamilton for common law indemnity and against Brandeberry for both common law and contractual indemnity.
In 1998, Wagner served a proposal for settlement for $750,000 on all three defendants jointly. None of the defendants responded to this proposal. Thereafter, Thrifty, Brandeberry, and Hamilton served a joint proposal for settlement on Wagner for $325,000. The amount offered was apportioned as $300,000 on behalf of Brandeberry and $25,000 on behalf of Thrifty and Hamilton. Wagner did not accept this proposal. Shortly thereafter, however, Wagner served a proposal for settlement on Brandeberry alone for $299,000. Brandeberry did not accept this proposal.
At trial, the jury found Hamilton 100% at fault and awarded Wagner $551,355.58 in damages. Thrifty and Brandeberry stipulated to their vicarious liability, and the trial court entered a final judgment against all defendants jointly and severally. The trial court later entered an amended final judgment against Hamilton and Brandeberry, jointly and severally, on Thrifty's cross-claims.
Following entry of the final judgment, Wagner moved for attorney's fees and costs against Brandeberry based on the proposal for settlement served on Brandeberry alone. At hearings on the motion, Brandeberry conceded that Wagner's proposal and the jury's verdict mathematically triggered section 768.79 and created an entitlement to fees. However, Brandeberry challenged Wagner's entitlement to a fee award, arguing that Wagner should not be entitled to fees because Brandeberry acted reasonably in rejecting the proposal due to the pending cross-claim and because the proposal would not have completely eliminated Brandeberry from the litigation. To show he was entitled to fees, Wagner established that he had a reasonable foundation for his $299,000 proposal to Brandeberry based on the prior joint proposal in which Brandeberry offered $300,000. Wagner also established that Brandeberry's attorney had recommended that Brandeberry accept Wagner's proposal and that Brandeberry's insurer was prepared to pay the proposed amount. Despite this evidence, the trial court concluded that Wagner had not served his proposal in good faith and denied Wagner's motion for fees.
On appeal, the parties do not dispute that Wagner's proposal for settlement and the subsequent jury verdict mathematically triggered section 768.79 so as to entitle Wagner to an award of fees. The only question is whether Wagner forfeited his entitlement to fees by not serving his proposal in good faith. See T.G.I. Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla. 1995) (noting that section 768.79 creates an entitlement to fees which may be lost only if the proposal was not served in good faith). In its order, the trial court found that Wagner was not entitled to an award of fees for two reasons: (1) because Brandeberry acted reasonably in rejecting Wagner's proposal; and (2) because Wagner's proposal would not have completely eliminated Brandeberry from the litigation had he accepted it. Neither of these reasons supports a conclusion that Wagner did not serve his proposal in good faith.
First, whether Brandeberry acted reasonably in rejecting Wagner's proposal is irrelevant to a determination of whether Wagner acted in good faith in serving his proposal. See T.G.I. Friday's, 663 So.2d at 613 ("[T]he wording of the statute as a whole leaves no doubt that the reasonableness of the rejection is irrelevant to the question of entitlement."); Government Employees Ins. Co. v. Thompson, 641 So.2d 189, 190 (Fla. 2d DCA 1994) ("The trial court erred in considering *446 whether appellee was reasonable in rejecting GEICO's offer, because an unreasonable rejection is not a prerequisite to an award of attorney's fees under section 768.79."). Rather, the question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted. See Department of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019, 1020 (Fla. 3d DCA 1999) ("This factual conclusionthat there was a `reasonable foundation,' or a `reasonable explanation' for the offer equates to the legal conclusion that it was made in good faith under the statute...."); City of Neptune Beach v. Smith, 740 So.2d 25, 27 (Fla. 1st DCA 1999); Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th DCA 1993). Thus, the issue of good faith is determined solely by the subjective motivations and beliefs of the offeror, Wagner, see Weinstein, 747 So.2d at 1021, not the reactions of the offeree, Brandeberry.
In this case, the trial court clearly found on the record that Wagner had a reasonable foundation upon which to base his proposal for settlement. The trial court also clearly found on the record that Wagner intended to fully settle his claim against Brandeberry for the amount offered in the proposal for settlement. These two findings supportin fact, mandate a conclusion that Wagner acted in good faith in serving his proposal for settlement.
In arguing to uphold the trial court's order, Brandeberry asserted that Wagner's proposal was not served in good faith because it put Brandeberry in a dilemma. If Brandeberry accepted Wagner's proposal, his liability to Wagner would terminate, but he still faced possible liability on Thrifty's cross-claim for indemnity. If Brandeberry rejected Wagner's proposal, he faced the prospect of paying Wagner's attorney's fees under the proposal for settlement. While we recognize this dilemma, we do not agree with the trial court's conclusion that it results from a lack of good faith on Wagner's part.
This court has specifically found that proposals for settlement that put the offeree in a dilemma can be made in good faith. In State Farm Mutual Automobile Insurance Co. v. Marko, 695 So.2d 874, 875 (Fla. 2d DCA 1997), the plaintiff in a personal injury case elected to join State Farm, his UM carrier, as a party defendant along with the tortfeasor. During the litigation, State Farm served a proposal for settlement for one dollar, which the plaintiff rejected. Id. At trial, the jury's verdict was for an amount within the tortfeasor's policy limits, resulting in a complete defense verdict for State Farm. Id. State Farm then sought attorney's fees pursuant to its proposal for settlement. Id. In reversing the trial court's denial of fees, this court stated:
The facts of this case, however, clearly demonstrate that State Farm made its offer of judgment based on an evaluation of Marko's case. State Farm believed that Marko's recovery would not exceed the limits of the tortfeasor's liability coverage. The $1 offer of judgment is a statement by State Farm that it believes it has no liability and should not be part of the litigation. Under these circumstances the good faith of the $1 offer of judgment is demonstrated. Marko elected to join his uninsured/underinsured carrier as a defendant. He took his chances and lost. Just as Marko attempted to protect his interests, State Farm did the same by making the $1 offer of judgment.
Id. at 876. See also Alexandre v. Meyer, 732 So.2d 44, 45 (Fla. 4th DCA 1999) (holding that the plaintiff's proposal for settlement for $76,000 made to a defendant with a $10,000 insurance coverage limit was made in good faith even though there was no way for the defendant to pay the full amount of the proposal had he agreed to it). In this case, as in Marko, the offeree, *447 Brandeberry, took his chances in rejecting the proposal for settlement and lost. This does not invalidate Wagner's proposal.
The trial court specifically found that Wagner had a reasonable foundation for his proposal and intended to settle his claims against Brandeberry should Brandeberry accept the proposal. These findings establish the good faith behind Wagner's proposal for settlement. Brandeberry's reasons for rejecting the proposal are irrelevant to Wagner's good faith. Therefore, we conclude that the trial court's determination that Wagner acted in bad faith was an abuse of discretion.
Second, whether Wagner's proposal would completely eliminate Brandeberry from the litigation is likewise irrelevant to the determination of whether Wagner acted in good faith because nothing in section 768.79 requires that a proposal for settlement completely eliminate the offeree from the litigation. The plain language of section 768.79 makes it clear that any party to a lawsuit can serve a proposal for settlement on any other party to that suit. See § 768.79(2)(b), Fla. Stat. (1997). In addition, Florida Rule of Civil Procedure 1.442 specifically states:
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve[.]
From this language, it is clear that both the legislature and the supreme court contemplated that proposals would be served that were intended to resolve claims between some but not all parties to the litigation; resolve some but not all claims involved in the litigation; or resolve some combination of both. Nothing in either the statute or the rule requires that a proposal settle all claims between all parties, or even all claims between the parties to the proposal. It cannot be bad faith to apply the provisions of the statute and rule as they are written.
In applying the plain language of the statute and rule, courts have found that proposals addressing only certain parties or certain claims were made in good faith. For example, in Security Professionals, Inc. v. Segall, 685 So.2d 1381, 1382 (Fla. 4th DCA 1997), the proposal for settlement addressed only certain claims between certain plaintiffs and defendants. It did not address any claims between the counter-plaintiffs and counterdefendants. Id. at 1382-83. The court found the proposal for settlement binding as to the claims and parties it addressed, despite the fact that many of the parties would remain in the litigation in some capacity. Similarly, in Lieff v. Sandoval, 726 So.2d 335, 336 (Fla. 3rd DCA 1999), the proposal addressed the claim against the tortfeasor but did not address the claim against the tortfeasor's insurance carrier. Despite this, the court found that the plaintiff intended to settle the litigation between the parties to the proposal and, therefore, found that the offer was made in good faith. Id.
In this case, the trial court found that Wagner intended to settle his entire claim against Brandeberry through the proposal for settlement. Had Brandeberry accepted the proposal, he would have been dismissed from the case as a party defendant. Thus, accepting the proposal would have completely settled all claims between Wagner and Brandeberry. The fact that Brandeberry would have remained in the litigation in some other capacity is irrelevant to Wagner's good faith in serving the proposal. Because the trial court found that Wagner intended to fully settle all of his claims against Brandeberry through the proposal, the trial court should have found that Wagner acted in good faith. The court's failure to do so constituted an abuse of discretion.
In conclusion, once the jury's verdict mathematically triggered section 768.79, the only basis for denying Wagner an award of fees pursuant to his proposal for *448 settlement was a conclusion that Wagner had not acted in good faith. While the trial court concluded that Wagner had not acted in good faith, the findings underlying this conclusion were based on considerations completely irrelevant to the determination of Wagner's good faith. In fact, the trial court's factual findings actually mandated a conclusion that Wagner acted in good faith. Therefore, the trial court's order denying fees is reversed and the case is remanded for entry of an award of fees.
Reversed and remanded with directions to the trial court to enter an order in favor of Wagner for an award of attorney's fees.
CAMPBELL, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Section 768.79, Florida Statutes (1997), states in part:

Offer of judgment and demand for judgment. 
(1).... If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand....
. . . .
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.