WALLACE, Judge.
 

 Janet Gawtrey was the defendant in a dog-bite case. After the entry of a defense verdict, Ms. Gawtrey moved for attorney’s fees and costs based on a proposal for settlement that had been rejected by the plaintiff, Tonette Hayward. The trial court struck the proposal for settlement and denied the motion. The trial court
 
 *741
 
 reasoned that the $1500 offer was “nominal” and that Ms. Hayward’s case “was worthy of trial.” However, under section 768.79, Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442, Ms. Gaw-trey was entitled to an award of attorney’s fees and costs unless the trial court determined that Ms. Gawtrey’s proposal was not made in good faith. Because the trial court failed to find that the proposal was not made in good faith and because the facts would not have supported such a finding, we reverse the trial court’s order.
 

 I. THE FACTS AND PROCEDURAL BACKGROUND
 

 Ms. Gawtrey is the mother of Scott Gawtrey. Scott and his wife Cassandra lived in Lakeland and owned a pit bull terrier named Dozier. On July 25, 2007, both Ms. Hayward and Ms. Gawtrey were guests at Scott and Cassandra’s home. Ms. Hayward was accompanied by her four-year old son, Collier Martin; Ms. Gawtrey was accompanied by her granddaughter. Cassandra was at home, but Scott was elsewhere.
 

 Before her guests arrived, Cassandra took Dozier and one or more of her other dogs out of the house and placed them in the backyard. A sliding glass door led from the house to the backyard. Cassandra closed — but did not lock — the sliding glass door. While Ms. Hayward and Ms. Gawtrey were at the home, Dozier was repeatedly barking and jumping against the sliding glass door. Somehow, Dozier obtained access to the house through the sliding glass door and viciously attacked Collier Martin. Collier sustained serious injuries in the attack. Some of the unfortunate child’s injuries were permanent in nature. At trial, the parties stipulated that the child’s past medical expenses totaled $7419.97; additional medical expenses for him were anticipated.
 

 In January 2008, Ms. Hayward filed an action for negligence on behalf of her son against Ms. Gawtrey. For reasons unexplained in our record, Ms. Hayward did not include Scott and Cassandra Gaw-trey — the dog’s owners — as defendants in the action. Ms. Hayward’s theory of the case was that Ms. Gawtrey had opened the sliding glass door and allowed Dozier to enter the house and attack Collier Martin. In response, Ms. Gawtrey denied that she had opened or even touched the sliding glass door. Her theory was that Dozier was able to enter the home after his repetitive jumping against the sliding glass door caused it to open slightly.
 

 Although Ms. Hayward did not join Scott and Cassandra Gawtrey as defendants in the action, they were named as Fabre
 
 [1]
 
 defendants on the verdict form. Thus the liability issues at trial centered on two questions: First, how did the sliding glass door become open, allowing Dozier to enter the home? Second, what percentage of fault, if any, was attributable to Ms. Gawtrey, Scott and Cassandra Gaw-trey, and Ms. Hayward? In its verdict, the jury found that Ms. Gawtrey was not negligent. Thus the case was resolved completely in her favor.
 

 On June 11, 2008, approximately eleven months before trial, Ms. Gawtrey served a proposal on Ms. Hayward, offering to pay $1500 to settle the case. Ms. Hayward rejected the proposal because she understandably concluded that it was not a reasonable offer. After the jury’s verdict, Ms. Gawtrey moved for the entry of final judgment in her favor and for an award of attorney’s fees and costs based on the rejected offer of settlement. Ms. Gawtrey
 
 *742
 
 also requested an award of her taxable costs under section 57.041, Florida Statutes (2008).
 

 The parties stipulated to the amount of Ms. Gawtre/s attorney’s fees and costs. The only issue at the hearing on Ms. Gaw-trey’s motion was whether the proposal for settlement was made in good faith. After the hearing, the trial court entered a final judgment in favor of Ms. Gawtrey on Ms. Hayward’s claim. With regard to the proposal for settlement, the trial court found:
 

 The Defendant served a Proposal for Settlement on the Plaintiff in the amount of $1,500.00 which the Plaintiff rejected. The relevant facts adduced at trial were as follows: The minor Plaintiff was the invitee; the homeowner’s dog entered the home and attacked the Plaintiff without provocation; the Plaintiff was seriously injured with $13,000 in past medicals[
 
 2
 
 ]; and the Plaintiff will need future surgery. The Defendant, also an invitee, claimed the theory of strict liability applied. Therefore, the Defendant as the non-dog owner was not liable. The Defendant ] failed to get a dismissal on this ground. However, if applicable, [she] could have obtained a directed verdict at the close of Plaintiffs case in chief. The issue argued by the Defendant went to trial. The Court ultimately ruled against the Defendant and the case went to the jury on the Plaintiffs theory of invitee negligence. The jury was left to weigh the credibility of the parties. The only witness to the dog bite other than the parties was the Defendant’s daughter-in-law who owned the home and the dog.
 

 The settlement offer of $1,500.00 was nominal cost against $13,000 in past medicals and the need for future medical/surgical care for the four (4) year old child/victim who now has a large gash and suffers from alopecia where the scalp was bitten off completely.
 

 The Defendant’s assessment of liability rested on two (2) factors: First, the application of strict liability which the Defendant lost. Second, the Defendant’s credibility over the Plaintiffs credibility which is a matter for the jury. The Court finds the cause was worthy of trial.
 

 On this basis, the trial court struck the proposal for settlement and denied the motion for attorney’s fees. The trial court also denied Ms. Gawtrey’s cost request. This appeal followed.
 

 II. THE APPLICABLE LAW
 

 Ms. Gawtrey made a proposal for settlement that was not accepted. The judgment ultimately entered was one of no liability. Thus Ms. Gawtrey was entitled to an award of fees under section 768.79(1).
 
 See Camejo v. Smith,
 
 774 So.2d 28, 29 (Fla. 2d DCA 2000);
 
 Donohoe v. Starmed Staffing, Inc.,
 
 743 So.2d 623, 624 (Fla. 2d DCA 1999). But once Ms. Gawtrey established her entitlement to fees and costs, the trial court could still — in its discretion — determine that her offer was not made in good faith and disallow an award of fees and costs.
 
 See
 
 § 768.79(7)(a);
 
 Camejo,
 
 774 So.2d at 29;
 
 Donohoe,
 
 743 So.2d at 624. The burden was on Ms. Hayward to prove the absence of good faith.
 
 See TGI Friday’s, Inc. v. Dvorak,
 
 663 So.2d 606, 613 (Fla.1995);
 
 Talbott v. Am. Isuzu Motors, Inc.,
 
 934 So.2d 643, 647 (Fla. 2d DCA 2006). Once Ms. Gawtrey established her entitlement under the statute, a decision by the trial court to deny her an award of fees and costs had to be sup
 
 *743
 
 ported by a finding that her offer was not made in good faith.
 
 See Stofman v. World Marine Underwriters, Inc.,
 
 729 So.2d 959, 960 (Fla. 4th DCA 1999).
 

 In making a determination of Ms. Gawtrey’s good faith, the reasonableness of Ms. Hayward’s decision to reject the proposal for settlement was irrelevant.
 
 See TGI Friday’s,
 
 663 So.2d at 613;
 
 Wagner v. Brandeberry,
 
 761 So.2d 443, 445 (Fla. 2d DCA 2000). Instead, the question of whether the proposal was served in good faith depended on whether Ms. Gaw-trey had a reasonable foundation to make her offer and made it with the intent to settle the claim made against her by Ms. Hayward if the offer had been accepted.
 
 See Wagner,
 
 761 So.2d at 446 (citing
 
 Dep’t of Highway Safety & Motor Vehicles v. Weinstein,
 
 747 So.2d 1019, 1020 (Fla. 3d DCA 1999)). The fact that Ms. Gawtrey’s offer was nominal in amount is not necessarily determinative of the issue of good faith.
 
 See Weesner v. United Servs. Auto. Ass’n,
 
 711 So.2d 1192, 1194 (Fla. 5th DCA 1998) (citing
 
 Peoples Gas Sys., Inc. v. Acme Gas Corp.,
 
 689 So.2d 292 (Fla. 3d DCA 1997)). In assessing whether Ms. Gawtrey’s nominal offer was made in good faith, the trial court was required to look at whether Ms. Gawtrey had a reasonable basis when the offer was made to conclude that her exposure in the case was nominal.
 
 See Fox v. McCaw Cellular Commc’ns of Fla., Inc.,
 
 745 So.2d 330, 333 (Fla. 4th DCA 1998);
 
 see also State Farm Mut. Auto. Ins. Co. v. Marko,
 
 695 So.2d 874, 876 (Fla. 2d DCA 1997) (holding that an offer of one dollar was made in good faith). Our review of the trial court’s determination of the good faith issue is for abuse of discretion.
 
 See Talbott,
 
 934 So.2d at 647 (citing
 
 Hall v. Lexington Ins. Co.,
 
 895 So.2d 1161, 1166 (Fla. 4th DCA 2005)).
 

 III. DISCUSSION
 

 Here, the trial court’s order is insufficient to support a denial of fees and costs to Ms. Gawtrey for several reasons. First, the order fails to contain the necessary finding that the offer was not made in good faith.
 
 See Stofman,
 
 729 So.2d at 960. Second, the trial court refers to the failure of Ms. Gawtrey to obtain a dismissal of the case on the theory that section 767.04, Florida Statutes (2007), made Scott and Cassandra Gawtrey exclusively liable to persons bitten by their dog. However, the defeat of this theory did not prevent Ms. Gawtrey from arguing that the jury should allocate all or substantially all of the fault for the dog’s attack to its owners. Third, the trial court’s reliance on the nominal amount of the offer compared to the severity of the child’s injuries and the credibility issues presented at trial improperly focuses on Ms. Hayward’s reasons for rejecting the proposal for settlement. Ms. Hayward probably had good reasons for rejecting the $1500 offer. But, under a proper analysis of the good faith issue, the reasons for her rejection of the offer are not relevant.
 
 See TGI Friday’s,
 
 663 So.2d at 613;
 
 Wagner,
 
 761 So.2d at 445.
 

 Moreover, Ms. Gawtrey established that she had a reasonable foundation to make her offer. Initially, we note that the offer was not made prematurely. When Ms. Gawtrey served her offer, all three of the adults who were present during the incident had been deposed. And additional discovery had provided information about the child victim’s injuries and medical expenses. Second, Ms. Gawtrey could reasonably conclude that a jury would reject Ms. Hayward’s claim that Ms. Gaw-trey intentionally opened the sliding glass door to allow the visibly agitated Dozier to enter the house. Third, the presence of Scott and Cassandra Gawtrey on the verdict form as
 
 Fabre
 
 defendants made it
 
 *744
 
 probable that the jury would assign all or substantially all of the liability to them as the dog’s owners.
 
 See
 
 § 767.04;
 
 cf. Registe v. Porter,
 
 557 So.2d 214, 215 (Fla. 2d DCA 1990) (noting that “section 767.04 imposes absolute liability upon a dog owner for a dog-bite when the dog-bite victim is ... lawfully on or in a private place
 
 except
 
 when the dog is carelessly or mischievously provoked
 
 or
 
 when the owner has displayed in a prominent place on the premises a sign easily readable including the words ‘Bad Dog’ (or equivalent wording)”). So to the extent that the jury assigned liability to the dog’s owners, Ms. Gawtrey’s exposure would have been reduced. Based on these factors, Ms. Gaw-trey could have reasonably concluded that her exposure to liability at trial was, in fact, nominal. Thus her $1500 offer had a reasonable foundation.
 

 In addition, the trial court should have awarded Ms. Gawtrey her costs under section 57.041(1).
 
 See Hendry Tractor Co. v. Fernandez,
 
 432 So.2d 1315, 1316 (Fla.1983). As the prevailing party, Ms. Gawtrey was entitled to an award of her taxable costs without regard to her proposal for settlement.
 
 See Martinez v. Ipox,
 
 925 So.2d 448, 450-51 (Fla. 2d DCA 2006);
 
 Dozier v. City of St. Petersburg,
 
 702 So.2d 593, 594-95 (Fla. 2d DCA 1997);
 
 Marko,
 
 695 So.2d at 875.
 

 IV. CONCLUSION
 

 Ms. Gawtrey’s $1500 offer undoubtedly presented Ms. Hayward with a difficult decision. She could either accept a nominal amount and dismiss her case or continue the litigation and risk the entry of a substantial judgment against her for attorney’s fees and costs.
 
 See Fox,
 
 745 So.2d at 339 (Klein, J., concurring specially) (arguing that allowing courts to find nominal offers to be in good faith gives defendants an unfair advantage over plaintiffs). Although we understand Ms. Hayward’s dilemma, adherence to established precedent requires us to hold that the trial court abused its discretion in striking Ms. Gaw-trey’s proposal for settlement and in denying her motion for attorney’s fees and costs. Accordingly, we reverse the trial court’s order and remand for the entry of an order awarding attorney’s fees and costs to Ms. Gawtrey.
 

 Reversed and remanded with directions.
 

 MORRIS and BLACK, JJ., Concur.
 

 [1]
 

 .
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993),
 
 receded from in part on other grounds by Wells
 
 v.
 
 Tallahassee Mem’l Reg’l Med. Ctr., Inc.,
 
 659 So.2d 249 (Fla.1995).
 

 [2]
 

 . Prior to trial, the parties stipulated that Collier Martin's past medical expenses were $7419.97. We assume that the $13,000 figure mentioned by the trial court includes a future medical expense component.