HAZOURI, J.
Morris Staszower and Fern Lisa Conn, his wife, filed a complaint for negligence against Terrence Dunn, claiming personal injuries resulting from an automobile accident. In addition to Dunn, Staszower and Conn joined their uninsured/underinsured motorist (UIM) carrier, Allstate Insurance Company (“Allstate”), alleging that the injuries sustained exceeded Dunn’s liability limits.
Prior to trial, Allstate offered two separate proposals for settlement to both Staszower and Conn in the amount of $100.00 each. Both refused the offers. At trial, the jury returned a verdict only for Staszower, awarding damages in the amount of $1670.00.
Allstate filed a motion for final judgment in its favor, setoffs, attorney’s fees, and costs, contending that the verdict was below Dunn’s liability policy limits of $10,000.00 and, therefore, the UIM coverage of Allstate was not activated. The trial court ruled that Staszower and Conn were the prevailing parties and entered a $12,168.33 cost judgment against Dunn and Allstate. The trial court denied Allstate’s motion for final judgment in its favor, setoffs, attorney’s fees, and costs. We reverse.
The trial court erred in determining that Staszower and Conn were the prevailing parties as to Allstate, because the award was within Dunn’s $10,000.00 liability policy limit. When an UIM insurer is joined as a party defendant and the verdict does not exceed the tortfeasor’s liability limits, the UIM insurer is the prevailing party and entitled to its costs. See, e.g., State Farm Mut Auto. Ins. Co. v. Marko, 695 So.2d 874, 875 (Fla. 2d DCA 1997); State Farm Mut. Auto. Ins. Co. v. Ferro, 581 So.2d 605, 606 (Fla. 2d DCA 1991) (determining that where the plaintiffs damages are less than the policy limits of the tortfeasor’s primary insurance company, the UIM provider has no liability and the trial court should enter judgment on their behalf); Gov’t Emps. Ins. Co. v. Brewton, 538 So.2d 1375, 1377 (Fla. 4th DCA 1989) (finding that “only an award which activates the UM coverage would qualify appellees as prevailing parties. Any lesser award totally favors the UM carrier who thus fits the traditional concept of ‘prevailing party.’ ”).
In Marko, the plaintiff was injured in an automobile accident and sued the tortfea-sor, who had liability policy limits of *1247 $50,000.00, and his UIM carrier, State Farm. State Farm made an offer of judg: ment of one dollar, which the plaintiff did not accept. Ultimately, the jury returned a verdict for $30,000.00. Accordingly, a judgment was entered in favor of the plaintiff and against the tortfeasor in the amount of $30,000.00; a separate judgment was entered in favor of State Farm and against the plaintiff. State Farm then sought its attorney’s fees and costs pursuant to the offer of judgment filed under section 768.79, Florida Statutes (1993).[1] The trial court denied State Farm’s motion.
On appeal, the Second District determined that State Farm was entitled to recover its costs pursuant to section 57.041(1), Florida Statutes (1993), because it was the prevailing party. The appellate court then examined whether State Farm was entitled to costs and attorney’s fees under the offer of judgment statute. The Marko court found that State Farm’s offer of judgment was independent of any offer, or lack of offer, by the tortfeasor. The Marko court also determined that under the circumstances, “the good faith of the $1 offer of judgment [was] demonstrated.” Marko, 695 So.2d at 876. “The $1 offer of judgment [was] a statement by State Farm that it believes it has no liability and should not be a part of the litigation.” Id. Accordingly, the appellate court reversed the order denying State Farm its attorney’s fees under section 768.79 and its costs pursuant to section 57.041(1).
Likewise, in the instant case, the jury returned a verdict only in favor of Stasz-ower in the amount of $1670.00. The final judgment declared that “[i]t is adjudged that the plaintiff, Morris Staszower, recover from the defendant, Terrence H. Dunn ... the sum of One Thousand, Six Hundred and Seventy Dollars ($1670.00), said sum to bear interest at the rate of six percent (6%) per annum, for which let execution issue.” Notably, the final judgment did not state that Staszower would collect damages from Allstate. As Dunn had a $10,000.00 liability policy, the damages did not reach the necessary threshold to trigger Allstate’s UIM coverage. Accordingly, the trial court erred when it failed to enter judgment in Allstate’s favor.
The trial court’s error in failing to enter final judgment in favor of Allstate then resulted in a snowball effect: the trial court entered a cost judgment against Allstate, even though there was no underlying judgment against it. In “Plaintiffs’ Motion to Tax Litigation Costs Against Defendant,” Staszower and Conn allege that they were the “prevailing parties against the defendants during the trial of *1248 this action and are entitled to an award of their litigation costs against the defendants.” However, Staszower and Conn only prevailed against Dunn; because the jury did not award damages above the $10,000.00 policy limit, Allstate was the prevailing party. See Brewton, 538 So.2d at 1377.
Staszower argues that taxable litigation costs are considered damages for which an injured plaintiff may recover against his or her UIM earner if the underlying liability coverage of the tortfeasor is insufficient to cover the taxable costs or the liability policy does not extend to include taxable costs beyond its stated limits. As authority for this proposition, Staszower cites Rutkin v. State Farm Mutual Automobile Insurance Co., 195 So.2d 221 (Fla. 3d DCA), aff'd, 199 So.2d 705 (Fla.1967).
Rutkin is distinguishable and not applicable to the instant case. Rutkin involved a claim for UIM coverage where the tort-feasor was uninsured, as opposed to under-insured. The State Farm policy called for personal injury claims to be resolved through arbitration. Rutkin prevailed in the arbitration and sought as the prevailing party costs which would be taxable pursuant to section 58.04, Florida Statutes (1967).[2]
The trial court had denied Rutkin’s motion to recover taxable costs. The district court reversed, holding that as the prevailing party, Rutkin was entitled to recover his taxable costs. Conversely, Staszower was not the prevailing party in regard to Allstate and, therefore, is not entitled to tax costs against Allstate.
Finally, the trial court erred in denying Allstate’s motion for attorney’s fees under section 768.79(1), Florida Statutes (2010). Staszower and Conn contend that the trial court’s cost judgment exceeded the $100.00 proposal for settlement, thereby rendering Allstate ineligible for attorney’s fees. We disagree. “[T]he offer only applied to any potential recovery in excess of a net verdict within the ... coverage of $10,000, section 768.79 entitles Allstate to an award of attorney’s fees and costs, as the $100 offer clearly exceeded plaintiffs zero recovery from Allstate.” Allstate Ins. Co. v. Silow, 714 So.2d 647, 650 (Fla. 4th DCA 1998).
Further, the record supports that Allstate’s $100.00 offer was made in good faith. See Eagleman v. Eagleman, 673 So.2d 946, 947 (Fla. 4th DCA 1996) (finding that “[o]nce the statutory prerequisites have been met, the only discretion afforded the trial court by section (7)(a) is the authority to disallow the attorney fee award when an offer is not made in ‘good faith’ ”). At the hearing, Allstate’s counsel contended that when Allstate made the offer, it had reason to believe there was no exposure to it. “We had an IME report from a doctor that said the plaintiff had no permanent injury, and at that time, there were no reports saying that the plaintiff needs x amount of surgery.” In light of Dunn’s underlying liability coverage and the resulting verdict, the proposals for settlement of $100.00 each for Staszower and Conn was manifestly made in good faith. Thus, the trial court erred when it denied Allstate’s motion for attorney’s fees. We reverse and remand and direct the trial court to vacate the final cost judgment *1249 against Allstate and further to determine a reasonable attorney fee to be assessed in favor of Allstate.

Reversed and remanded for further proceedings consistent with this opinion.

GROSS, C.J., and CIKLIN, J., concur.

. The statute states in pertinent part:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
§ 768.79(1), Fla. Stat. (1993).

. Now section 57.041, Florida Statutes (2011), entitled "Costs; recovery from losing party” and stating:
(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.